UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES DEMARCO BOGAN, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-828-DRL-MGG |
| JON E. DEGUILIO, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

James DeMarco Bogan, a prisoner without a lawyer, filed a complaint against five defendants: Judge Jon E. DeGuilio, Deputy Prosecutor Kenneth P. Cotter, Chief Deputy Prosecutor Christopher C. Fronk, Deputy Prosecutor Micha P. Cox, and Auditor Michael J. Hammon. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Bogan, using the name J. Bogan-Bey, claims that he is the "executive beneficiary of James DeMarco Bogan" and that "James DeMarco Bogan and its Franchisement [sic] rights are currently being illegally detained by Indiana Department of Corrections in an account numbered 268133."[1] ECF 1 at 5. Mr. Bogan filed a petition for habeas corpus in Michigan, but the Michigan court transferred the case here, where it was assigned to Judge Jon E. DeGuilio, under cause number 3:18-CV-159. *Id.* Judge DeGuilio dismissed the petition—a decision with which Mr. Bogan

---

[1] 268133 is the offender number assigned to James D. Bogan by the Indiana Department of Correction.

disagrees. He further alleges that the defendants engaged in an "organized effort to fraudulently convey the liquidating asset 'James DeMarco Bogan' to whom the St. Joseph County expects to receive benefits of 10 years of imprisonment of James DeMarco Bogan, and his franchise rights of publicity." *Id.* at 7. Mr. Bogan served "Notice of Claims" on various individuals, and "[m]ore than 30 days have elapsed since the service of such notice of Demand and Claim, and adjustment or payment thereof has been neglected or refused." *Id.* at 8-9. He seeks monetary damages and "Injunctive Relief prohibiting the State of Indiana or its agents from claiming an interest in the Birthright or financial interest of James DeMarco Bogan." *Id.* at 9. He refers to his complaint as a "Demand Instrument" and further claims that he was "granted a U.S. Citizen to use in commerce who is recognized as James DeMarco Bogan" and he has "provided evidence of [his] interest in fee simple absolute." *Id.* at 10.

In short, Mr. Bogan's complaint consists of concepts commonly espoused by sovereign citizens. Courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Because Mr. Bogan's complaint is premised on such theories, it is frivolous and fails to state a claim, and he will not be permitted to proceed.

Furthermore, four of the defendants that Mr. Bogan has named in this lawsuit are immune from suit: Judge Jon E. DeGuilio, Deputy Prosecutor Kenneth P. Cotter, Chief Deputy Prosecutor Christopher C. Fronk, and Deputy Prosecutor Micha P. Cox. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, a "judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was

in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Mr. Bogan could not proceed against Judge Jon E. DeGuilio, Deputy Prosecutor Kenneth P. Cotter, Chief Deputy Prosecutor Christopher C. Fronk, and Deputy Prosecutor Micha P. Cox even if his complaint were not based on sovereign citizen theories.

Mr. Bogan has also filed a motion to change venue and a motion asking that the caption be changed to reflect that the plaintiff's name is J. Bogan-Bey. These motions are also premised on sovereign citizenship theories. His motion to change venue references "finances which rightfully belong to the beneficiaries of the trust I represent." ECF 4 at 2. And, his motion to correct errors references fraud affecting the value of the "preferential shares of JAMES DEMARCO BOGAN which is held by the plaintiff in trust for the benefit of the beneficiaries of the JAMES DEMARCO BOGAN TRUST, u/t/a/ d/t/d/ December 6, 1972 Employer Identification number ending in 3285." ECF 5 at 1. Both motions are without merit and will be summarily denied.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint is frivolous and does not state a claim upon which relief can be granted.

SO ORDERED.

October 21, 2019                                      *s/ Damon R. Leichty*
                                                      Judge, United States District Court